UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JAMES W. WILKINS JR., #379389,** § § | |
| **Plaintiff,** § § § | **SA-25-CV-00295-JKP** |
| **v.** § § | |
| **BEXAR COUNTY COMMISSIONER'S** § **COURT, ET AL.,** § § | |
| **Defendants.** § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff James W. Wilkins Jr.'s 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Wilkins filed an application to proceed *in forma pauperis* ("IFP"), which was not supported by a trust account statement. (ECF No. 2). Upon review, Wilkins's request to proceed IFP is **DENIED,** and his Complaint is **DISMISSED WITHOUT PREJUDICE**. (ECF Nos. 1, 2).

### APPLICABLE LAW

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, "the 'threat or prison condition [must be] real and proximate.'" *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (citing *Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Because § 1915(g) requires a showing of

"imminent" danger, allegations of past harm do not suffice; the harm alleged must be about to occur or occurring at the time the complaint is filed. *Id.* Further, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted). Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner*, 2014 WL 2940580, at *1 (citing *Valdez*, 2008 WL 4710808, at *1).

A prisoner who is not proceeding IFP may file a new civil action or appeal even if that prisoner has three or more dismissals described in § 1915(g). Regardless of whether a prisoner proceeds IFP in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three–strikes dismissal rule.

## APPLICATION

While incarcerated, Wilkins has filed at least three civil actions that have been dismissed as frivolous. *See Wilkins v. Carter*, 5:05-CV-01087-XR (W.D. Tex. Dec. 14, 2005) (dism'd as frivolous and for failure to state claim); *Wilkins v. Nueces Cnty., Tex.*, 2:05-CV-00099 (S.D. Tex. Apr. 8, 2005) (dism'd as frivolous); *Wilkins v. Heredia*, 5:04-CV-01192-OLG (W.D. Tex. Feb. 17, 2005) (dism'd as frivolous). Therefore, based on the three–strikes rule, Wilkins may not file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Interpreting Wilkins's Complaint broadly, and as best the Court can discern, Wilkins seems to be alleging violations of his civil rights based on: (1) his previous placement in a suicide

cell; (2) his alleged illegal detention; (3) refusal of complaints he sent to the Bexar County Dispute Resolution Center; and (4) his prior placement in the state hospital. None of these claims establishes imminent danger of serious physical injury. *See Turner*, 2014 WL 2940580, at *1. Thus, based on his allegations, the Court finds Wilkins has failed to overcome imposition of the three–strikes rule. *See* 28 U.S.C. § 1915(g).

## CONCLUSION

Because Wilkins has filed at least three civil actions that have been dismissed as frivolous and has failed to establish he is in "imminent danger of serious physical injury," his Complaint is subject to dismissal. Wilkins may only proceed if he pays the full filing fee contemporaneously with the filing of a timely motion to reinstate.

**IT IS THEREFORE ORDERED** that Wilkins's request to proceed IFP is **DENIED** (ECF No. 2) and his 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g). Wilkins is advised that his Complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within thirty (30) days of the date of this Order.

It is so **ORDERED**.

SIGNED this 27th day of March, 2025.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE